UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS SPEARS,

                Petitioner,

v.                                 CASE NO. 05-CV-70588-DT
                                 HONORABLE VICTORIA A. ROBERTS

TERRY BRADFORD,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I.       Introduction**

      Petitioner Louis Spears, a state prisoner currently confined at the Chippewa Correctional

Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.[1]  Petitioner

was convicted of possession with intent to deliver more than 225 grams but less than 650 grams

of cocaine, Mich. Comp. L. § 333.7401(2)(a)(ii), possession with intent to deliver marijuana,

Mich. Comp. L. § 333.7401(2)(d)(iii), maintaining a drug house, Mich. Comp. L. §

33.7405(1)(d), possession of a firearm by a felon, Mich. Comp. L. § 750.224f, and possession of

a firearm during the commission of a felony, Mich. Comp. L. § 750.227b following a jury trial in

the Genesee County Circuit Court in 2001.  He was sentenced to concurrent terms of 20-45 years

imprisonment on the cocaine conviction, four to six years imprisonment on the marijuana

---

    [1]At the time he instituted this action, Petitioner was confined at the Muskegon Correctional
Facility in Muskegon, Michigan where Respondent is the warden.

conviction, two to three years imprisonment on the drug house conviction, and 60 to 90 months

imprisonment on the felon in possession conviction to be served consecutively to a term of two

years imprisonment on the felony firearm conviction.  In his pleadings, Petitioner raises claims

concerning the sufficiency of the evidence, the police search of a residence, the trial court's

failure to grant an evidentiary hearing, the admission of other acts evidence, and the admission

of evidence of flight.  For the reasons stated below, the petition for writ of habeas corpus is

denied.

**II.**      **Facts and Procedural History**

Petitioner's convictions stem from a drug bust that occurred at a residential property in

Flint, Michigan in 1999.  The Michigan Court of Appeals set forth the relevant facts, which are

presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Early in the morning of July 17, 1999, a Flint police officer went to 2602 Walter
> in response to a call about a home invasion in progress.  Defendant appeared at
> the scene, told the officer that he lived at the house, and identified several items
> stolen from the house as belonging to him.  The officer then received information
> through his police radio that defendant was suspected of drug offenses, upon
> which defendant denied living at that address.  However, defendant continued to
> assert that the stolen items belonged to him.
>
> In early September 1999, pursuant to a warrant, the police searched the house.
> They discovered quantities of marijuana and cocaine in various parts of the house,
> including 315.9 grams of cocaine in five bags inside a purse, which also contained
> several diverse documents with Tamika Hatter's name on them.  The police also
> found over $30,000 in currency hidden about the house, plus two loaded handguns.
> A detective with the Phoenix, Arizona, Police Department testified that on April
> 7, 2001, acting on information from an officer with the federal Drug Enforcement
> Administration, he approached defendant when the latter finished a flight from
> Detroit to Phoenix, and found defendant in possession of a large amount of cash
> and a Michigan identification card that gave his name as "Bentley."  Defendant
> identified his birthday as June 13, 1972, to police, but the identification card listed
> his birthdate as September 8, 1971.

> Tamika Hatter was separately tried, and convicted, in connection with this investigation.  Defendant was found guilty as charged.

*People v. Spears*, No. 237825, 2003 WL 22160439 (Mich. Ct. App. Sept. 18, 2003)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the

Michigan Court of Appeals asserting the same claims contained in the present petition.  The

Michigan Court of Appeals affirmed his convictions.  *People v. Spears*, No. 237825, 2003 WL

22160439 (Mich. Ct. App. Sept. 18, 2003) (unpublished).  Petitioner filed an application for

leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Spears*, 469

Mich. 1016, 677 N.W.2d 28 (2004).

Petitioner then filed the present habeas petition asserting the following claims:

I.     His convictions are contrary to the due process clause of the United States Constitution because they are not supported by proof beyond a reasonable doubt.

II.    The search of 2602 Walter was unlawful and in contravention of the Fourth Amendment of the United States Constitution because the affidavit of Police Officer Robert Smith did not support a finding of probable cause.

III.   The trial court erred in failing to grant Petitioner's renewed motion for a *Franks* hearing.

IV.    The trial court erred by allowing the prosecution to offer into evidence a notice of forfeiture relating to the seizure of currency on July 17, 1999, seven weeks before the date of the offense.

V.     The trial court erred in allowing the prosecution to admit, without adequate foundation, evidence of flight.

Respondent has filed an answer to the petition, asserting that it should be denied because the

claims are not cognizable and/or lack merit.  Petitioner has filed a reply to that answer.

3

**III.** **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>           application of, clearly established Federal law, as determined by the
>           Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination
>           of the facts in light of the evidence presented in the State court
>           proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see*

*also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a

4

federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations.  *See 28 U.S.C. § 2254(e)(1).*  A petitioner may rebut this presumption only with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

IV.   **Analysis**

A.   Sufficiency of Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions.  Respondent contends that this claim

lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.  Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was reasonable.  In making this determination, the Court must presume that the state court's factual findings are correct, unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Warren*, 161 F.3d at 360-61.

Under Michigan law, possession with intent to deliver than 225 grams but less than 650 grams of cocaine requires proof that:  (1) the defendant knowingly possessed a controlled substance; (2) the defendant intended to deliver this substance to someone else; (3) the substance possessed was cocaine and the defendant knew it was cocaine; and (4) the substance was in a mixture that weighed between 225 grams and 650 grams.  *See People v. Crawford*, 458 Mich. 376, 389, 582 N.W.2d 785 (1998); Mich. Comp. Laws § 333.7401(2)(a)(ii).  The elements of possession with intent to deliver marijuana are:  (1) the substance is marijuana, (2) the marijuana is in a mixture weighing less than five kilograms, (3) the defendant was not authorized to possess the substance, and (4) the defendant knowingly possessed marijuana with the intent to deliver.  *People v. Wolfe*, 440 Mich. 508, 516-17, 489 N.W.2d 748, amended 441 Mich. 1201 (1992); Mich. Comp. L. § 333.7401(2)(d)(iii).  To establish guilt of maintaining a drug house, the prosecution must prove that the defendant knowingly kept or maintained a dwelling or place that is frequented by persons for the purpose of using , keeping, or selling

6

controlled substances. *See* Mich. Comp. L. § 333.7405(1)(d). To "keep or maintain" a drug

house "it is not necessary to own or reside at one, but simply to exercise authority or control

over the property for purposes of making it available for keeping or selling proscribed drugs and

to do so continuously for an appreciable period." *People v. Griffin*, 235 Mich. App 27, 32, 597

N.W.2d 176 (1999). The elements of felon in possession are: (1) that the defendant was

convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of

possession less than three or five years, depending on the underlying felony, has passed since

the defendant had completed his term of incarceration, satisfied all conditions of probation and

parole, and paid all fines. *See* Mich. Comp. L. § 750.224f. The elements of felony firearm are

possession of a firearm during the commission or attempted commission of a felony. *People v.*

*Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting *People v. Avant*, 235

Mich. App. 499, 505, 597 N.W.2d 864 (1999)).

Petitioner's challenge to the sufficiency of the evidence focuses on his connection to the

residence at 2302 Walter and his possession of the drugs, particularly the cocaine. In

concluding that sufficient evidence was presented to support Petitioner's convictions, the

Michigan Court of Appeals stated as follows:

> Defendant challenges the sufficiency of the evidence to support his convictions.
> When reviewing the sufficiency of evidence in a criminal case, a reviewing court
> must view the record evidence in the light most favorable to the prosecution to
> determine whether a rational trier of fact could find that each element of the
> crime was proved beyond a reasonable doubt. *People v. Jaffray,* 445 Mich. 287,
> 296; 519 N.W.2d 108 (1994).

> A. "Keep and Maintain"

> Defendant alleges that the prosecutor failed to produce sufficient evidence to
> persuade a reasonable jury that he kept and maintained the house at 2602 Walter
> for purposes of conviction of maintaining a drug house. We disagree. The drug-

7

house statute, M.C.L. § 333.7405(1)(d), provides that a person shall not "keep or maintain a ... dwelling, building, ... or other structure or place, that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances, or that is used for keeping or selling controlled substances in violation of this article."  For purposes of this statute, to keep or maintain a drug house "it is not necessary to own or reside at one, but simply to exercise authority or control over the property for purposes of making it available for keeping or selling proscribed drugs and to do so continuously for an appreciable period."  *People v. Griffin,* 235 Mich. App 27, 32; 597 N.W.2d 176 (1999).

The police officer's account of defendant's representations concerning his relationship with the house on July 17, 1999, supported the conclusion that defendant both lived at the house and exercised some control over it for illicit purposes.  Defendant initially said he lived at the house, and unhesitatingly identified several items taken from it, but then disclaimed his connection with the house when the officer received information that defendant was suspected in drug trafficking.  The pieces of correspondence addressed to defendant at 2602 Walter, discovered in the "trash pull" of September 8, 1999, and in the search that immediately followed were indicative of defendant's residency at the address at that time.  Defendant suggests that some of the correspondence was not recent, but nonetheless fails to refute the obvious implication that the presence of correspondence personal to defendant, regardless of its immediacy in time, is indicative of defendant's own residential presence.  Further, the discovery of a magazine addressed to defendant at the house, dated just a few days before the search, indicates a recent use of 2602 Walter as defendant's address.

Additional proof of defendant's intimate connection with the house included the presence of defendant's birth certificates and driver's license.  The keeping of such documents in the house is inconsistent with an owner's mere casual or occasional presence there.  Further, that defendant kept such important documents in the house additionally indicated that he thought himself to have some control over the premises.  Additional evidence of defendant's control over the house included the discovery there of a service agreement for that house between Guardian Alarm and defendant, and also of a loaded gun stored in the proximity of defendant's driver's license and birth certificates.

That defendant exercised authority or control over the property for an appreciable period was thus well demonstrated.  *Griffin, supra.*  For purposes of his drug-house conviction, then, the question that remains is whether the evidence sufficiently linked defendant to the various drugs found in the house.  This inquiry is closely correlated to defendant's other possessory convictions.

B. Possession

8

Defendant alleges that the evidence did not sufficiently link him to the contraband in the house to support his convictions. We disagree. Possession with intent to deliver can be established through circumstantial evidence and reasonable inferences arising from the evidence. *People v. Wolfe,* 440 Mich. 508, 526; 489 N.W.2d 748, amended 441 Mich. 1201 (1992). Possession may be actual or constructive. "The essential question is whether the defendant had dominion or control over the controlled substance." *People v. Konrad,* 449 Mich. 263, 271; 536 N.W.2d 517 (1995). "[M]ere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession." *Griffin, supra* at 35 (internal quotation marks and citations omitted).

Possession of large quantities of illegal substances may indicate an intent to deliver. *Wolfe, supra* at 524. Possession of unusually large quantities of currency is likewise characteristic of drug trafficking. *See United States v. Forrest,* 17 F.3d 916, 919 (CA 6, 1994). "'Constructive possession may ... be proven by the defendant's participation in a "joint venture" to possess a controlled substance.'" *Wolfe, supra* at 521, quoting *United States v. Disla,* 805 F.2d 1340, 1350 (CA 9, 1986).

In this case, evidence that correspondence personal to defendant was found near some of the contraband suggests that defendant had some control over that contraband. Defendant's own claim for nearly $5,000 in currency seized from a man's coat at 2602 Walter is indicative not only of defendant's presence about the house, but also of his involvement in activities there that gave rise to possession of large quantities of cash. This evidence suggests a linkage to the various illegal drugs found about the house well beyond defendant's mere presence in their proximity. *See Wolfe, supra* at 525. From the quantities of controlled substances and cash found in the house, along with a digital scale, plus written records of names accompanied by numbers and dollar amounts, a reasonable jury could infer that this was a house of drug trafficking. *Id.* at 524.

Beyond defendant's general arguments that the evidence was insufficient to link him with any of the contraband found in the house, defendant placed special emphasis on the 315.9 grams of cocaine found in a purse, that evidently belonged to Tamika Hatter. However, the evidence considered as a whole clearly indicated that Hatter and defendant were both operating a criminal venture from 2602 Walter. That the bulk of the cocaine was discovered in an accessory that was presumably more closely identified with Hatter alone is insufficient to shield defendant from responsibility for the unlawful possession. The purse was found in the basement, on a countertop behind a bar, not in a location Hatter might logically be expected to customarily, let alone exclusively, have access.

Defendant further complains that the police did not undertake a qualitative analysis of the various quantities of cocaine to ascertain whether they had some common origin. This argument is unpersuasive because common origin, by itself, would not necessarily either prove or disprove a particular person's possession. Further, if the defense saw any benefit could be derived from qualitative analysis, the defense was free to arrange for such analysis. *See* M.C.L. § 780.655; *Arizona v. Youngblood*, 488 U.S. 51, 58; 109 S. Ct. 333; 102 L. Ed. 2d 281 (1988) (the police have a duty to preserve potentially exculpatory evidence).

For these reasons, we reject defendant's challenge to the sufficiency of the evidence.

*Spears*, 2003 WL 22160439 at *5-7.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination in this regard is neither contrary to *Jackson* nor an unreasonable application of federal law or the facts. Petitioner has presented no evidence to rebut the state court's factual findings nor does he demonstrate that the state court's conclusion that the facts establish his guilt beyond a reasonable doubt is unreasonable. Petitioner's insufficiency of evidence claim attacks the inferences that the jury drew from the testimony presented at trial. Such determinations, however, are not matters for federal habeas review. In *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983), the United States Court of Appeals for the Sixth Circuit stated: "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 970 (citing *Jackson,* 443 U.S. at 326).

Additionally, to the extent that Petitioner challenges the Michigan Court of Appeals' construction or application of state law, he is not entitled to habeas relief. "A claim that the

10

state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *See Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Given the police testimony and the physical evidence seized from the residence, this Court finds that the Michigan Court of Appeals' determination that a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt was reasonable. Petitioner is not entitled to habeas relief on this claim.

      B.    <u>Fourth Amendment Claims</u>

Petitioner next asserts that he is entitled to habeas relief because the police lacked probable cause to search the residence at 2602 Walter Street. Petitioner relatedly contends that the trial court erred by not providing him with an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to support his challenge to the search warrant affidavit. Respondent contends that these claims are not cognizable upon habeas review and lack merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims. The record reveals that Petitioner challenged the legality of the search and seizure prior to trial. The trial court denied the motion to suppress. Petitioner again raised these issues on direct appeal. The Michigan Court of Appeals conducted a thorough review of the Fourth Amendment issues and concluded that Petitioner was not entitled to relief on his claims. *See Spears*, 2003 WL 22160439 at *1-3.

Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment issues and that he received all the process he was due. While Petitioner challenges the state courts' handling of his claims and their resulting decisions, he has not shown that the procedures were flawed such that he was unable to properly litigate these issues. Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, his claims concerning the validity of the search and seizure are not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on these claims.

C.   Other Acts Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting evidence of the notice of forfeiture relating to the seizure of currency from 2602 Walter Street on July 17, 1999, seven weeks before the date of the instant offense. Respondent contends that this claim is not cognizable and/or lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not

12

cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Only when

an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it

violate due process and warrant habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.

2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).  The United States Supreme

Court has declined to hold that similar "other acts" evidence is so extremely unfair that its

admission violates fundamental conceptions of justice.  *See Dowling v. United States*, 493 U.S.

342, 352-53 (1990).[2]  Thus, "[t]here is no clearly established Supreme Court precedent which

holds that a state violates due process by permitting propensity evidence in the form of other

bad acts evidence."  *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no

Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28

U.S.C. § 2254(d)(1).  *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich.

2003).  Petitioner's claim must fail.

  Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief in

this case.  The Michigan Court of Appeals upheld the trial court's determination that the

disputed evidence was properly admitted to show Petitioner's connection to the residence at

2602 Walter Street, and tended to show identity and absence of mistake.  The Court of Appeals

also found that the probative value of the evidence was not substantially outweighed by its

prejudicial effect.  *See Spears*, 2003 WL 22160439 at *3-4.

  The Michigan Court of Appeals' decision is neither contrary to United States Supreme

---

  [2]While the Supreme Court has addressed whether prior acts testimony is permissible under the
Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v.
United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

Court precedent nor an unreasonable application of federal law.  The disputed evidence was

properly admitted under Michigan law to show Petitioner's connection to the Walter Street

residence.  The prosecutor did not make a character or propensity argument and the trial court

instructed the jury about the proper consideration of the evidence.  Petitioner has not shown that

the admission of the forfeiture documents rendered his trial fundamentally unfair.  He is thus

not entitled to habeas relief on this claim.

> D.    Evidence of Flight Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred

in admitting evidence of his flight from Michigan to Arizona and his use of false identification.

Respondent contends that this claim is not cognizable and/or lacks merit.

As noted, trial court errors in the application of state procedure or evidentiary law,

particularly regarding the admissibility of evidence, are generally not cognizable as grounds for

federal habeas relief.  *See Estelle*, 502 U.S. at 67-68.  Only where admission of the disputed

evidence rendered the trial "so fundamentally unfair as to constitute a denial of federal rights"

may it provide grounds for granting a writ of habeas corpus.  *Clemmons*, 34 F.3d at 356.

The Michigan Court of Appeals determined that this evidence was admissible to show

consciousness of guilt as a matter of state law.  *See Spears*, 2003 WL 22160439 at *4.  The

Court of Appeals did not address whether the alleged error constituted a denial of Petitioner's

federal rights.  Accordingly, this Court must conduct an independent review of the state court's

decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  This independent review

requires the federal court to "review the record and applicable law to determine whether the

state court decision is contrary to federal law, unreasonably applies clearly established law, or is

based on an unreasonable determination of the facts in light of the evidence presented." *Id.* This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

Having done so, this Court concludes that the Michigan Court of Appeals' decision is consistent with United States Supreme Court precedent law and constitutes a reasonable application of federal law. Although the United States Supreme Court has expressed skepticism as to the probative value of evidence of flight, *see Wong Sun v. United States*, 371 U.S. 471, 483 n. 10 (1963), it has recognized that such evidence may be relevant to show consciousness of guilt. *See United States v. Scheffer*, 523 U.S. 303, 331 (1998) (dissenting opinion of Stevens, J.). Federal appellate courts have held that evidence of flight is generally admissible as evidence of consciousness of guilt. *See United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir. 1989); *accord United States v. Glenn*, 312 F.3d 58, 67 (2nd Cir. 2002); *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002); *United States v. Murphy*, 996 F.2d 94, 96 (5th Cir. 1993).

In this case, the flight evidence was properly admitted under state law as consciousness of Petitioner's guilt. Moreover, such evidence was relevant to explain the lapse of time between the search of Petitioner's residence and Petitioner's arrest and criminal proceedings. Petitioner has not shown that the admission of this evidence rendered his trial fundamentally unfair. *See Wright v. Jamrog*, No. 04-CV-71585-DT, 2005 WL 3262544, *7 (E.D. Mich. 2005) (Edmunds, J.) (admission of flight evidence was proper under Michigan law and did not justify habeas relief); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 580 (E.D. Mich. 2004) (Tarnow, J.), *aff'd* 398 F.3d 783 (6th Cir. 2005). Habeas relief is not warranted on this claim.

15

**V.**      **Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal

habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH**

**PREJUDICE**.


                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  April 3, 2006

+---------------------------------------------+
| The undersigned certifies that a copy of this |
| document was served on the attorneys of record |
| and pro se petitioner by electronic means or U.S. |
| Mail on April 3, 2006.                        |
|                                               |
| S/Carol A. Pinegar                            |
| Deputy Clerk                                  |
+---------------------------------------------+

16